CARRINGTON. The (HANNAH v.). See Case No. 6,029.

CARRINGTON (McKAY v.). See Case No. 8,841.

---

## Case No. 2,450.

### CARRINGTON v. STIMSON.

[1 Curt. 437.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

DEPOSITIONS—NOTICE OF TAKING—SERVICE ON ADVERSE PARTY.

The judiciary act, § 30 [1 Stat. 88], requires personal service on the adverse party, of the notice of taking a deposition; and service, by leaving a copy at his place of abode, is not sufficient.

[See Buddicum v. Kirk, 3 Cranch (7 U. S.) 293.]

[Appeal from the district court of the United States for the district of Massachusetts.]

This was an appeal by the libellant from a decree of the district court [case not reported] in a cause of personal damage.

CURTIS, Circuit Justice. There is a preliminary question in this case, concerning the admissibility of the deposition of William A. Dahl. The commissioner certifies, that "the adverse party was notified, as appears by the notice hereto appended, but was not present." The notice to the respondent is in the usual form, and the officer's return thereon states that he served the notice "by leaving a copy of the same on board the bark Weybopel, lying at Constitution wharf, in Boston, where I was informed the within-named Stimson lodged." It was objected, that this was not proof of the notice required by law; and I am of that opinion. The deposition was taken under the thirtieth section of the judiciary act (1 Stat. 88), which contains the following proviso: "Provided that a notification from the magistrate before whom the deposition is to be taken, to the adverse party, to be present at the taking of the same, and to put interrogatories, if he think fit, be first made out and served on the adverse party or his attorney, as either may be nearest, if either is within one hundred miles of the place of caption," etc. The authority to take deposi-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

tions under this act, has always been construed strictly. Bell v. Morrison, 1 Pet. [26 U. S.] 351; Patapsco Ins. Co. v. Southgate, 5 Pet. [30 U. S.] 604. It must appear that every requisite has been complied with. One requisite is service of a notice on the adverse party, or his attorney, if either be within one hundred miles. This must be construed to require personal service; no substituted service, by leaving the copy at his dwelling-house or usual place of abode, being authorized by the act. Consequently, the service in this case was insufficient to authorize the taking of the deposition. There is also another objection to this notice, not mentioned at the bar. The notice contains the names of two other persons, but not of the witness whose deposition was taken. I have, therefore, excluded this deposition.

THE COURT then examined the evidence; and upon the same principles stated in the case of Barnett v. Luther [Case No. 1,025], affirmed the decree of the district court.